UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES ("JAY") LEVIAS, an individual,

    Plaintiff,

v.

PACIFIC MARITIME ASSOCIATION; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 19; INTERNATIONAL LONGSHORE AND WAREHOUSE UNION; JOINT COAST LABOR RELATIONS COMMITTEE, an unincorporated association,

    Defendants.

Case No. C09-302 RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO CONTINUE DEFENDANTS' SUMMARY JUDGMENT MOTIONS

## I. INTRODUCTION

This matter comes before the Court on plaintiff's "Motion for Relief from Deadline and [to] Modify Schedule Re: Defendant's Motion for Summary Judgment Noted for 5/21/2010" ("Motion") (Dkt. #44) and "Motion for Relief from Deadline and Re-Noting of Defendant PMA's Motion for Summary Judgment Noted for 5/28/2010" (Dkt. #46). Plaintiff asks the Court to continue defendants' summary judgment motions to June 11, 2010, so that he may conduct scheduled depositions before his responses are due. Defendants respond that their

summary judgment motions were properly filed within the time set by the Court for filing dispositive motions and that it would be unfair to give plaintiff additional time to respond. International Longshore & Warehouse Union ("ILWU") Opposition at 2 (Dkt. #52).

## II. BACKGROUND

The parties in this matter submitted an agreed order extending pre-trial deadlines on February 8, 2010. Dkt. #30. The agreed order was signed by all parties but was prepared and presented by defendant ILWU. Id. The Court signed the agreed order on February 12, 2010, re-setting the discovery cutoff in this matter to April 8, 2010, and re-setting the deadline for filing dispositive motions to May 6, 2010. Dkt. #32. The order also set trial for November 1, 2010. Id. More than two months ago, on March 15, plaintiff served notice that he would depose Defendants' representatives on May 25 and May 26, 2010. Motion at 5; Breskin Decl., Ex. 2 (Dkt. # 45). These dates were set pursuant to agreement between all parties in order to accommodate various attorneys' schedules. Motion at 5; PMA Response at 2–3 (Dkt. #50).

Defendants ILWU and Local 19 filed a motion for summary judgment on April 29, 2010. Dkt. #34. This motion was noted for consideration on May 21, 2010. Defendants Pacific Maritime Association ("PMA") and Joint Coast Labor Relations Committee filed a motion for summary judgment on May 6, 2010. Dkt. #40. It is noted for consideration on May 28, 2010. Under the current noting dates, plaintiff will be unable to include defendants' deposition testimony in his response(s) to defendants' summary judgment motions.

## III. DISCUSSION

Plaintiff seeks to re-note defendants' summary judgment motions on a number of grounds. He argues that the current case schedule does not comply with Federal Rule of Civil Procedure 16, that defendants' agreed to schedule his depositions for May 25 and 26 and it is therefore unfair that they refuse to re-note the summary judgments motions, and that defendants' summary judgment motions should be continued under Federal Rule 56(f). Motion at 7–8.

### A.  Federal Rule of Civil Procedure 16

Rule 16 provides that discovery shall be completed "[n]ot later than 120 days prior to the trial date, unless otherwise ordered by the court" and that dispositive motions shall be filed "[n]ot later than 90 days prior to the trial date, unless otherwise ordered by the court." Fed. R. Civ. P. 16(f)–(g). Rule 16 sets default deadlines for discovery and dispositive motions but clearly states that the court may set different deadlines. In this case, the Court extended the trial date and case management deadlines at the request of the parties. Dkt. #32. The deadlines for discovery and dispositive motions have passed. Having agreed to an order setting those deadlines, plaintiff cannot now complain about them or seek to have them modified. Plaintiff's request for a new pre-trial schedule is therefore denied.

### B.  Continuance Under Federal Rule of Civil Procedure 56(f)

Plaintiff seeks to continue defendants' summary judgment motions until June 11, 2010, under Federal Rule of Civil Procedure 56(f). Motion at 8–9. Rule 56(f) provides, "If a party opposing the motion shows by affidavit[1] that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. P. 56(f). It is within the discretion of a trial court to grant or deny a continuance under this provision. See Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (trial court's refusal to permit additional discovery before ruling on summary judgment motion reviewed for abuse of discretion).

A party seeking to continue a summary judgment motion under Rule 56(f) must specify the facts the party expects to develop through further discovery. Cont'l Mar. of S.F., Inc. v. Pac.

---

[1] The Court has considered plaintiff's motion and counsel's declaration. The Court recognizes that failure to provide affidavits is an adequate ground to deny further discovery under Rule 56(f). See California *ex rel.* Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). However, the Court concludes that strict adherence to this requirement is not warranted in this case.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTIONS
FOR RELIEF FROM DEADLINES                -3-

Coast Metal Trades Dist. Council, 817 F.2d 1391, 1395 (9th Cir. 1987).  "The mere hope that further evidence may develop prior to trial is an insufficient basis for a continuance." Id. (citing Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978)).  The court also considers whether the party seeking the continuance has failed to diligently pursue discovery and whether the evidence the party seeks exists and would change the outcome of the motion.  Chance, 242 F.3d at 1161.

Plaintiff sets forth specific facts that he expects to develop in the scheduled May 25 and 26 depositions.  He asserts that the depositions will show (1) "union members involved in the decisions at issue stood to personally benefit from Mr. Levias losing his original seniority date because they would 'leap-frog' over him in seniority"; (2) that there was "irregularity in the processing of [Levias'] grievance"; (3) that the committee reviewing the grievance decision "failed to fulfill its objections [sic] to make an independent assessment of the facts"; and (4) that the decision to "re-set [Levias'] seniority date...occurred outside the normal process and was inconsistent with any regulation or rule governing reinstatement of longshore workers."  Motion at 9.

Defendants assert that plaintiff has offered only speculative and vague descriptions of types of information he expects to develop in depositions.  ILWU Opposition at 6.  Defendants also argue that even if those facts are developed, they will be material to only one element of plaintiff's claims and will not be sufficient to avoid summary judgment on a second element.  Id. at 7. The Court makes no comment on defendants' legal analysis of plaintiff's claim.  Plaintiff has identified facts material to an element of his claim, which is sufficient to justify a continuance under Rule 56(f).  Plaintiff is not required to demonstrate that all the evidence he needs to support his claims will be developed through additional discovery.  Plaintiff has not yet answered defendants' summary judgment motions and the Court will not assume that plaintiff lacks legal or factual responses to defendants' arguments.  Plaintiff has met the burden of showing that he seeks to develop facts relevant to an element of his claim, which would change

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTIONS
FOR RELIEF FROM DEADLINES                -4-

the outcome of a summary judgment motion with respect to that element.

Defendants argue that plaintiff's pursuit of discovery has been dilatory because he scheduled depositions after the discovery cutoff.  ILWU Opposition at 5.  However, the record before the Court indicates that plaintiff initially contacted defendants about scheduling the depositions at issue in January of 2010 and noted the depositions in March, before the discovery cutoff.  Breskin Decl., Exs. 1–2.  Defendants agreed to schedule the depositions after the discovery cutoff and have agreed to produce their witnesses for the depositions.[2]  PMA Response at 1; Iglitzen Decl., Ex. A (Dkt. #53).  As a result, defendants cannot use the discovery deadline as a sword against plaintiff with respect to the May 25 and 26 depositions.  The Court concludes that although plaintiff could have been more diligent in his pursuit of discovery prior to the discovery deadline, his conduct was not dilatory.

Plaintiff requests a brief continuance of defendants' summary judgment motions in order to allow him to include the results of already-scheduled discovery in his responses to those motions.  This request is reasonable and warranted under the circumstances.  Plaintiff has identified material facts he expects to develop though the scheduled depositions with sufficient specificity.  Plaintiff is not solely responsible for the late depositions and has not been dilatory.

**C.   Local Civil Rule 7**

Although they agreed to schedule depositions on May 25 and 26, defendants refused plaintiff's informal requests to re-note their summary judgment motions in order to allow him to incorporate testimony from those depositions into his responses.  Defendants argue that they cannot re-note the motions because the parties "may not unilaterally change the pre-trial dates" set by court order and because the noting date was set in accordance with Local Civil Rule 7(d)(3).  ILWU Opposition at 2, 3.  Defendants are correct that the parties may not unilaterally change pre-trial dates and that they were bound by the May 6, 2010, deadline for filing

---

[2] The Court notes that in light of defendants' agreement to proceed with these depositions, denying plaintiff's motions would not save any discovery costs.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S MOTIONS
FOR RELIEF FROM DEADLINES                    -5-

dispositive motions. However, neither the Court's order nor Local Rule 7 precluded defendants from voluntarily re-noting their timely-filed motions. The Court's order only set the date by which defendants' summary judgment motions were due. Under Local Civil Rule 7, "all dispositive motions . . . shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion." CR 7(d)(3). Contrary to defendants' arguments, the rule permits parties to note motions for a Friday later than the fourth Friday after filing and service.

Defendants' primary objection to voluntarily re-noting their motions seems to be that plaintiff's request is "gamesmanship" and will give him more time than required under Local Rule 7 to respond. See, e.g., ILWU Opposition at 4. However, defendants assert that plaintiff lacks, and cannot obtain in the scheduled depositions, evidence sufficient to defeat their motions for summary judgment. ILWU Opposition at 7–8. If this is true, then they have nothing to fear from plaintiff having a brief window of additional time to respond to their motions.

### IV. CONCLUSION

ACCORDINGLY, it is hereby ORDERED that plaintiff's motions to continue Defendants' summary judgment motions until June 11, 2010, are GRANTED. Plaintiff's response(s) are due by the Monday before the noting date, and defendants' replies are due by the noting date as set forth in Local Civil Rule 7(d)(3). Plaintiff's untimely request to modify the pre-trial schedule is DENIED.

Dated this 28th day of May, 2010.

Robert S. Lasnik
United States District Judge